FILED'05 DEC 23 13:40USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CARL HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-1704-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance and supplemental security income benefits. Plaintiff asserts disability beginning about December 31, 2000[1], due to a variety of problems including

---

[1] Plaintiff also alleged disability beginning February 1, 2000, in his application for supplemental security income. Tr 469.

1 - ORDER

myofascial pain syndrome, gastritis, anxiety, dead arm syndrome, asthma, and psoriasis. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) failing to give appropriate weight to plaintiff's treating sources; (2) rejecting his wife's testimony; (3) relying on the vocational expert's opinion which was based on an incomplete hypothetical; (4) rejecting plaintiff's testimony regarding his ability to work; and (5) finding plaintiff's mental impairments not severe.

A. Treating Physicians

Plaintiff argues that the ALJ fails to discuss the years of treatment records. Plaintiff only specifically references one opinion from a treating source. On August 6, 2003, Dr. Jon Winjum, M.D. stated plaintiff "would like to be able to go back to work but his pain from his back, neck and shoulders have not allowed him to do so. I really think that without some kind of intervention such as from a pain clinic he will never return to a functional citizen of the work force." Tr. 420.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth

"specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). The rationale for giving a treating physician's opinion greater weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual. Winans v. Bowen, 820 F.2d 1519, 1523 (9th Cir. 1987).

Dr. Winjum's opinion is lacking as to specific functional limitations that prevent plaintiff from working. However, the ALJ failed to address this opinion. Accordingly, a remand is necessary to take into consideration Dr. Winjum's opinion and gather additional information if necessary.[2]

B. Plaintiff's and Plaintiff's Wife's Testimony

Plaintiff testified to debilitating pain and anxiety that prevents him from leading a normal life. Plaintiff's wife echoed her husband's testimony.

In rejecting a claimant's testimony, the ALJ must perform a two

---

[2]The Commissioner argues that the ALJ's failure is harmless because the ALJ properly rejected plaintiff's credibility. However, the Commissioner may not offer post hoc reasoning to address a treating source. The court can only review the record below.

3 - ORDER

stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that he produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

In this case, plaintiff has produced objective medical evidence of an underlying combination of impairments which could reasonably be expected to produce pain. There is evidence of malingering, however. See, e.g., Tr. 292 (examining psychiatrist, Lisa Sjodin, finds plaintiff's anxiety symptoms consistent with opiate withdrawal, that he lacks credibility, and that there is strong evidence of malingering). Nonetheless, it does not appear the ALJ relied on malingering in rejecting plaintiff's credibility.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of his

symptoms. The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ noted clear and convincing reasons supported by substantial evidence to reject plaintiff's credibility. Tr. 21. For instance, the ALJ noted inconsistencies in plaintiff's testimony regarding his drug abuse such as his testimony that he only smokes marijuana three times a month. Plaintiff reported to Dr. Robert Kruger in August of 2003 that he uses marijuana twice a week when available. Tr. 423. Moreover, a drug screen in September of 2003

was positive for marijuana and opiates. Tr. 450. The ALJ noted that plaintiff has been instructed to discontinue use of all drugs and alcohol as they worsen his anxiety attacks. The inconsistent statements and failure to follow recommended treatment provide clear and convincing reasons for rejecting plaintiff's credibility.

The ALJ similarly rejected plaintiff's wife's testimony noting that she also claimed that plaintiff only used marijuana two to three times a month.

### C. Vocational Expert's Opinion

Because the ALJ did not address Dr. Winjum's opinion and use it with respect to the hypothetical given to the vocational expert, remand is necessary for further development of the record in this regard.

### D. Mental Impairments

The record contains some medical evidence indicating severe mental impairments. See, e.g., Tr. 241-42, 436-59. However, the record also supports a finding of non-severe mental impairments. See, e.g., 22, 292, 332, 342, 350, 360, and 425. The ALJ did not err in this regard.

E.  Remand

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

As noted above, a remand for additional evidence is necessary to account for the opinion of Dr. Winjum.

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for further proceedings.

DATED this 23rd day of December, 2005.

Michael R. Hogan
UNITED STATES DISTRICT JUDGE

7 - ORDER